UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-CV-22883-SCOLA/GOODMAN

CENTENNIAL BANK,

    Plaintiff,

v.

M/V "WHY NOT," her engines, machinery,
tackle, apparel, boats, furniture, equipment,
rigging, freights, and all other appurtenances,
etc., *in rem*, and WHY NOT I, LLC, *in personam*,

    Defendants.

_____/

REPORT AND RECOMMENDATIONS ON
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST
M/V "WHY NOT," *IN REM*, AND WHY NOT I, LLC, *IN PERSONAM*

    In this maritime foreclosure action, Plaintiff Centennial Bank ("Centennial" or "Plaintiff") filed a motion for default judgment against M/V "Why Not" ("the Vessel")[1] and Why Not I, LLC ("the LLC" and collectively, "Defendants"). [ECF No. 24]. Defendants have not filed a response to Plaintiff's motion (or otherwise participated in this lawsuit), and the response deadline has now expired.

    United States District Judge Robert N. Scola, Jr. referred this motion to the Undersigned "for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B),

---

[1] The Vessel "is a 2000 54-foot Sea Ray Sundancer motor yacht." [ECF No. 1, ¶ 4].

Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules." [ECF No. 25].

As explained below, the Undersigned **respectfully recommends** that the Motion be **granted**, that a final default judgment be entered against Defendant M/V "Why Not" *in rem*, and Why Not I, LLC *in personam*, that the M/V "Why Not" be sold at a judicial sale, and that the Court retain jurisdiction to enter a deficiency judgment or to amend the Default Final Judgment, if necessary, for purposes of determining Plaintiff's entitlement to attorney's fees and costs incident to this proceeding, as set forth below.

**I.     Background**

Centennial filed a Verified Complaint against the Vessel (*in rem*) and its sole owner, the LLC (i*n personam*). [ECF No. 1]. Plaintiff seeks monetary damages, plus accruing interest, costs, expenses, attorney's fees, and a judicial sale of the Vessel. *Id.* at ¶¶ 4, 15, and wherefore clause.

The Verified Complaint alleges that on November 22, 2017, the LLC signed a promissory note in the original principal amount of $157,500.00. *Id.* at 7. The promissory note:

> [was] secured by a First Preferred Ship Mortgage by WHY NOT I in favor of the Plaintiff Bank, recorded in the United States Coast Guard Vessel Documentation Center records on December 6, 2017 (Official No. 1138768), encumbering M/V WHY NOT, her engines, machinery, tackle, apparel, furniture, equipment, rigging, freights, and all other necessary appurtenances thereto[.]

2

*Id.* at ¶ 8. The Verified Complaint also alleges that the mortgage and the promissory note are in default. *Id.* at ¶¶ 9, 14.

The docket reflects that Plaintiff moved for and obtained a warrant for arrest *in rem* of the Vessel [ECF Nos. 6; 12-13]. Additionally, on Plaintiff's motion, the Court entered an Order appointing a substitute custodian of the Vessel. [ECF Nos. 7; 14].

On December 12, 2022, Plaintiff filed a Certificate/Notice of Service of Warrant of Arrest and Complaint on Defendant Vessel, M/Y "Why Not" noting that "[o]n December 9th, 2022, in accordance with the Order, the U.S. Marshal served the Warrant and Complaint on the Vessel in accordance with this Courts [sic] Order and Warrant." [ECF No. 15]. The following day, the U.S. Marshals Service filed a completed form USM-285 reflecting that the Vessel was arrested per court order. [ECF No. 17].[2]

Additionally, Plaintiff filed a return of service for the LLC. [ECF No. 18-1]. The verified return of service states that on December 13, 2022, at 10:36 AM, the process server:

> deliver[ed] **a true copy of the Summons in a Civil Action, Verified Complaint *in Rem* for Foreclosure or Preferred Ship Mortgage, Exhibit** with the date and hour of service endorsed thereon by [him], to: **Anu Kirpalani as Registered Agent for WHY NOT I, LLC**, at the address of: 50

---

[2] "In cases where the United States Marshal's [sic] Service personally serve a defendant, a completed USM 285 form is filed with the Clerk." *Lyons v. Elite St. Cap. LLC*, No. 1:22-CV-1991-MHC, 2022 WL 18459843, at *1 (N.D. Ga. Dec. 2, 2022) (citing *Dunn v. Fed. Exp.*, No. 1:14-CV-00609-WSD, 2014 WL 1028949, at *3 (N.D. Ga. Mar. 14, 2014)).

>   Biscayne Blvd, Apt 3706, Miami, FL 33132, and informed said person of the contents therein, in compliance with state statutes.

*Id*. (emphasis added).[3]

Centennial also filed a notice of action *in rem* and publication, attaching a copy of the notice of arrest of the Vessel published in the Miami-Dade Business Review on January, 2023. [ECF Nos. 19; 19-1].

Thereafter, Plaintiff moved for and obtained Clerk's Defaults against the Vessel and the LLC for failure to appear, answer or otherwise plead to the Verified Complaint. [ECF Nos. 20-23]. Plaintiff now seeks the entry of a default judgment against the Vessel and the LLC. [ECF No. 24]. Because Plaintiff has already obtained Clerk's Defaults, the matter is ripe for review under S.D. Fla. Local Adm. R. C(9).

## II. Applicable Legal Standard

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A

---

[3] The verified return of service states that the process server first attempted to effectuate service at a different address but was told the occupants "moved in 06/2022 and have [sic] no knowledge about Why Not I, LLC and Y Holdings, LLC, Anu Kirpalani, Danielle Johnston, Jack Levine[,] Kostyantyn Sokol, [and] Julia Sokol." *Id.* The verified return of service also indicates that the process server had unsuccessfully attempted service on the LLC on October 25, 2022, November 25, 2022, November 29, 2022, December 2, 2022, and December 6, 2022. *Id.*

4

party may then apply to the District Court for a default final judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

A court may not enter a default final judgment based solely on the existence of a clerk's default. *Id.* at 1174. Instead, a court is required to examine the allegations to see if they are well-pleaded and present a sufficient basis to support a default judgment on the causes of action. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[4] Only the well-pled factual allegations are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

The decision whether to enter a default judgment "is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Default judgments are "generally disfavored" because this Circuit has a "strong policy of determining cases on their merits." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). In addition to assessing whether the complaint adequately sets forth facts to support the plaintiff's claims, a court considering the entry of a valid default judgment must "have subject-matter jurisdiction over the claims and have personal jurisdiction over the defendant." *Osborn v. Whites & Assocs. Inc.*, No. 1:20-cv-02528, 2021

---

[4]    In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued before September 30, 1981 would become binding precedent in the Eleventh Circuit.

WL 3493164, at *2 (N.D. Ga. May 20, 2021) (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 & n.13 (11th Cir. 2009)).

A court may conduct a hearing on a motion for default judgment when, in order "to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); s*ee also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011) (noting that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

### III. Analysis

"[B]efore entering a default judgment, the Court must ensure that it has jurisdiction over the claims and there must be a sufficient basis in the pleadings for the judgment entered." *Tissone v. Osco Food Servs., LLC*, No. 19-CV-61358, 2021 WL 1529915, at *2 (S.D. Fla. Feb. 10, 2021), report and recommendation adopted, No. 19-61358-CIV, 2021 WL 870526 (S.D. Fla. Mar. 9, 2021) (citing *Nishimatsu*, 515 F.2d at 1206).

### a. Subject-Matter Jurisdiction

The Court has subject matter jurisdiction over the instant action because it invokes the "Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and the Ship Mortgage Act, 46 U.S.C. §§ 30101, 31301 to 31343 and [is] an *in rem* proceeding to foreclose [on a] maritime lien." [ECF No. 1, ¶ 1].

### b. Personal Jurisdiction

In addition to subject matter jurisdiction, a court must also have personal jurisdiction over each defendant. "A judgment rendered in the absence of personal jurisdiction is void and without legal effect." *Strange v. Nescio*, No. 20-80947-CV, 2021 WL 8945480, at *1 (S.D. Fla. Mar. 29, 2021) (citing *Juris v. Inamed Corp.*, 685 F.3d 1294, 1335 (11th Cir. 2012)). For this reason, "when deciding a motion for default judgment, a court has an affirmative duty to evaluate whether it has personal jurisdiction over the defendant and may raise the issue *sua sponte*." *Id.*

"The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010) (citation omitted).

#### i. Service of Process

##### 1. *In Rem* Defendant

"Service of process on an *in rem* vessel requires a verified complaint seeking to arrest the vessel, which results in the issuance of a warrant for the arrest of the vessel, although, in lieu of arrest, a defendant may issue a bond or letter of undertaking." *Harper*

7

*v. M/V OURO DO BRASIL*, No. 8:12-CV-1976-T-23TGW, 2013 WL 12388568, at *5 (M.D. Fla. July 10, 2013); *see also KeyBank Nat'l Ass'n v. M/V GOOD DEAL*, No. 10-61748-CV, 2011 WL 13319360, at *1 (S.D. Fla. July 20, 2011), report and recommendation adopted, No. 10-61748-CIV, 2011 WL 13319361 (S.D. Fla. Aug. 22, 2011) ("Plaintiff effected service of process on the vessel by arresting it . . ."). Here, Plaintiff perfected service of process on the Vessel when it filed a Verified Complaint [ECF No. 1] and effectuated the Vessel's arrest.

### 2. *In Personam* Defendant

Plaintiff also effectuated service of process on the sole owner of the vessel, the LLC. "Section 48.062 of the Florida Statutes sets forth the requirements for service on a limited liability company." *Nautilus Ins. Co. v. Elite Prot.*, LLC, No. 23-CV-20580, 2023 WL 2610268, at *1 (S.D. Fla. Mar. 23, 2023). It states, in pertinent part, that: "[a] domestic limited liability company . . . may be served with process required or authorized by law by service on its registered agent designated by the domestic limited liability company . . . under chapter 605." Fla. Stat. § 48.062(2).

Here, the return of service reflects that Plaintiff effectuated service of process on the LLC by serving its registered agent. [ECF No. 18-1]. *See S.-Owners Ins. Co. v. A to Z Gulfcoast Servs.*, LLC, No. 8:22-CV-1010-TPB-JSS, 2022 WL 17326901, at *3 (M.D. Fla. Nov. 8, 2022), report and recommendation adopted, No. 8:22-CV-1010-TPB-JSS, 2022 WL

8

17282713 (M.D. Fla. Nov. 29, 2022) ("Federal Rule of Civil Procedure 4(e)(1) . . . allows for service pursuant to state law and Florida Statutes § 48.062 in turn provides that service on a limited liability company may be effected by service on the LLC's registered agent or on a member or manager of the LLC.").

## ii. Amenability to Jurisdiction

### 1. *In Rem* Defendant

*In rem* jurisdiction over a vessel requires the arrest of the vessel. *See Canaveral Port Auth. v. M/V SURFSIDE PRINCESS*, No. 6:09-CV-1919-ORL, 2010 WL 4788051, at *2 (M.D. Fla. Oct. 29, 2010), report and recommendation adopted sub nom. *Canaveral Port Auth. v. M/V/ SURFSIDE PRINCESS*, No. 6:09-CV-1919-ORL, 2010 WL 4788597 (M.D. Fla. Nov. 17, 2010) ("Where there is no proper arrest of the vessel . . ., this [c]ourt sitting in admiralty does not have jurisdiction over . . .[the] *in rem* claims against the [v]essel."); *Sea Legs Marina, Inc. v. Sayre*, 106 F. Supp. 2d 1287, 1289 (S.D. Fla. 2000) ("A more immediate problem presents itself because [the] [p]laintiff has never had the vessel arrested. Consequently, the court is lacking *in rem* jurisdiction because Supplemental Rule C has not been complied with."); *L.B. Harvey Marine, Inc. v. M/V River Arc*, 712 F.2d 458, 459 (11th Cir. 1983) ("The presence of the res within a court's territorial jurisdiction is necessary before the court can proceed to adjudication." (citing Wright & Miller, Federal Practice and Procedure Sec. 1063, at 203, Sec. 1070, at 270)).

Here, the Verified Complaint alleges that "[t]he Vessel is currently moored in Miami Dade County, Florida, and within the waters of this District." [ECF No. 1, ¶ 4]. Moreover, the U.S. Marshals Service executed the arrest of the Vessel and filed a completed return of service, form USM-285. [ECF No. 17]. Therefore, the Court has jurisdiction over the *in rem* Defendant.

### 2. *In Personam* Defendant

The Verified Complaint alleges that "Defendant, Why Not I, LLC., a Florida limited liability company, is the Vessel's record owner. At all times, Why Not I, LLC's principal office is located at 33363 163rd Street North Miami Beach, 33160." [ECF No. 1, ¶ 5]. Therefore, the Court has personal jurisdiction over the LLC. *See Colon v. ECO Taxi LLC*, No. 619CV536ORL40LRH, 2020 WL 7401590, at *3 (M.D. Fla. Jan. 13, 2020), report and recommendation adopted, No. 619CV536ORL40LRH, 2020 WL 7401593 (M.D. Fla. Jan. 28, 2020) ("The Court has personal jurisdiction over ECO because it is a Florida limited liability company conducting business in Florida.").

### c. Liability

The two-count Verified Complaint alleges claims for the foreclosure of the lien of a preferred ship mortgage against the Vessel (Count I) and against the LLC (Count II). [ECF No. 1].

"Under 46 U.S.C. § 31325(b), '[o]n default of any term of the preferred mortgage,' a mortgagee may bring a civil action *in rem* to enforce the preferred mortgage lien and a civil action *in personam* against the mortgagor to enforce a claim for the outstanding indebtedness secured by the mortgaged vessel." *Millennial Cap. Mgmt., LLC v. M/Y Cloud Ten*, No. 3:16-CV-693-J-34MCR, 2016 WL 11468572, at *3 (M.D. Fla. Sept. 29, 2016), report and recommendation adopted, No. 3:16-CV-693-J-34MCR, 2016 WL 6123368 (M.D. Fla. Oct. 20, 2016).

Here, Defendants have admitted the well-pleaded facts of the Verified Complaint[5] which identify (and include copies of)[6] the preferred ship mortgage and the promissory note and set forth Defendants' indebtedness under these instruments. [ECF Nos. 1, ¶¶ 7-8; 1-1; 1-2]. Additionally, the Verified Complaint alleges facts establishing Defendants' defaults and Plaintiff's right to recovery of this debt. *Id.* at ¶¶ 9-11, 14-17, 24-26, 28-30. Plaintiff has filed an affidavit from Russ Tuman, an employee with the Special Assets Division of Centennial Bank. [ECF No. 24-3, ¶ 2]. Mr. Tuman attests that the last payment date of this debt was December 22, 2021. *Id.* at ¶ 2.

---

[5] "[A] defaulted defendant is deemed to have admitted the movant's well-pleaded allegations of fact[.]" *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014).

[6] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

Accordingly, Plaintiff has established Defendants' liability under the preferred ship mortgage and promissory note. *See Millennial Cap. Mgmt., LLC v. M/Y Cloud Ten*, No. 3:16-CV-693-J-34MCR, 2016 WL 11468572, at *3 (M.D. Fla. Sept. 29, 2016), report and recommendation adopted, No. 3:16-CV-693-J-34MCR, 2016 WL 6123368 (M.D. Fla. Oct. 20, 2016) (finding that "the well-pleaded allegations of the [c]omplaint, which [were] deemed admitted, identif[ied] in sufficient detail the [p]romissory [n]ote in both its original and amended versions, [the] [d]efendants' default of the same, [the] [p]laintiff's security interest in the [v]essel pursuant to the [f]irst [p]referred [s]hip [m]ortgage . . ., [the] [d]efendants' breach of their obligations thereunder, and [the] [p]laintiff's right to recover against [the] [d]efendants pursuant to the terms of the [n]ote and the [m]ortgage").

### d.     Damages

"Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages." *Gov't Emps. Ins. Co. v. Compass Med. Centers Inc.*, No. 21-CV-23623, 2022 WL 17653816, at *2 (S.D. Fla. Nov. 10, 2022), report and recommendation adopted, No. 21-23623-CIV, 2022 WL 17602650 (S.D. Fla. Dec. 13, 2022). Even in the default judgment context, the Court "has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). Nonetheless, "an evidentiary hearing

is not necessary where there is sufficient evidence on the record to support the request for damages." *CreeLED, Inc. v. Individuals, Partnerships, & Unincorporated Associations Identified on Schedule A*, No. 23-CV-20163, 2023 WL 2915853, at *6 (S.D. Fla. Apr. 12, 2023).

Here, "Plaintiff demands the sum of at $147,372.01[7] as payment for the maortgae [sic] on the Vessel", plus "pre-judgment interest at the rate provided by law, [and] costs." [ECF No. 24, pp. 4-5].

Plaintiff further asks that the Vessel be subject to a judicial sale. *Id.* at 5 (requesting that "this Court issue an Order that the Vessel be placed for sale by the U.S. Marshal in order to satisfy the Judgment"). Additionally, Plaintiff requests that it be afforded a credit bid in the amount of the judgment. *Id.* at 4 ("Plaintiff requests that if the Vessel is to be sold, that it be permitted to credit bid its judgment at the sale of the Vessel."). Credit bids are permissible. *See, e.g., KeyBank Nat'l Ass'n v. M/V GOOD DEAL*, No. 10-61748-CV, 2011 WL 13319360, at *3 (S.D. Fla. July 20, 2011), report and recommendation adopted, No. 10-61748-CIV, 2011 WL 13319361 (S.D. Fla. Aug. 22, 2011) (permitting credit bid at judicial sale of *in rem* defendant vessel).

---

[7] Both Mr. Tuman's affidavit and an account overview statement support this $147,372.01 amount. *See* [ECF Nos. 24-3, ¶ 4; 24-4].

Lastly, Plaintiff asks that it "be permitted to file a motion for fees and/or expenses and costs after the Court's entry of judgment, pursuant to Federal Rule of Civil Procedure 54 and Local Rule 7.3."

Plaintiff has adequately supported entitlement to these damages.

**IV.   Conclusion**

For the reasons stated above, the Court should **grant** Plaintiff's motion as follows:

1. A default final judgment should be entered in favor of Plaintiff and against the *in rem* Defendant M/V "Why Not," her engines, machinery, tackle, apparel, boats, furniture, equipment, rigging, freights, and all other necessary appurtenances, and the *in personam* Defendant, Why Not I, LLC;

2. Plaintiff should recover from Defendants the sum of $147,372.01, which should bear interest at the federal post-judgment interest rate, for which execution should issue;

3. The *in rem* Defendant M/V "Why Not" should be condemned for public sale;

4. The United States Marshal for the Southern District of Florida should be authorized and directed to sell the Vessel, M/V "Why Not", her engines, machinery, tackle, apparel, boats, furniture, equipment, rigging, freights, and all other necessary

appurtenances, at a public auction, to the highest bidder upon the terms of and in conformance with the procedure set forth in Local Admiralty Rule E(16) and (17);

    5.    Plaintiff should be entitled to bid on its judgment or any part thereof in lieu of cash at the public sale of the M/V "Why Not", and should not be required to pay cash or other payment, either as a deposit at the time of sale or as a balance to the purchase price; and

    6.    The Court should retain jurisdiction to enter a deficiency judgment or to amend this Default Final Judgment, if necessary, for purposes of determining Plaintiff's entitlement to attorney's fees and costs incident to this proceeding.

Plaintiff is directed to mail a copy of this Report and Recommendations to the LLC Defendant's registered agent and to file a notice of compliance on the docket by no later than **Friday, June 28, 2023**.

**V.    Objections**

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to

factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on June 26, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record