United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Centennial Bank, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-22883-Civ-Scola |
| | ) |
| M/V *Why Not* and Why Not I, LLC, | ) |
| Defendants. | ) |

### Order Adopting Report and Recommendations and Granting Final Default Judgment

  The Court referred Plaintiff Centennial Bank's motion for default judgment to United States Magistrate Judge Jonathan Goodman for a report and recommendations. Thereafter, Judge Goodman issued his report and recommendations, recommending that the Court grant Centennial Bank's motion. (Rep. & Rec., ECF No. 27.) No objections to the report and recommendations have been filed by either party and the time to do so has passed.

  Nonetheless, the Court has considered—de novo—Judge Goodman's report, the record, and the relevant legal authorities. The Court finds Judge Goodman's report and recommendations thorough, cogent, and compelling. The Court thus **adopts** the recommendations in full (**ECF No. 27**) and **grants** Centennial Bank's motion (**ECF No. 24**). Accordingly, the Court **enters final default judgment** in Plaintiff **Centennial Bank's** favor, and against Defendants **M/V *Why Not* and Why Not I, LLC**, in the amount of **$147,372.01**, bearing interest at the applicable rate and for which sum let execution issue.

  Additionally, the Court condemns *in rem* Defendant M/V *Why Not* for **public sale**. The Court authorizes and directs the United States Marshal for the Southern District of Florida to sell the Vessel, M/V *Why Not*, her engines, machinery, tackle, apparel, boats, furniture, equipment, rigging, freights, and all other necessary appurtenances, at a public auction, to the highest bidder upon the terms of and in conformance with the procedure set forth in Local Admiralty Rule E(16) and (17). Centennial Bank is entitled to bid on its judgment or any part thereof in lieu of cash at the public sale of the M/V *Why Not* and is not required to pay cash or other payment, either as a deposit at the time of sale or as a balance to the purchase price. Finally, the Court retains jurisdiction to enter a deficiency judgment or to amend this final default judgment, if necessary, for the purposes of determining Centennial Bank's entitlement to attorney's fees and costs incident to this proceeding.

The Court directs the Clerk to **close** this case. Any pending motions are denied as moot.

**Done and ordered** at Miami, Florida, on August 3, 2023.

_____
Robert N. Scola, Jr.
United States District Judge