UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-CV-22883-SCOLA/GOODMAN

CENTENNIAL BANK,

      Plaintiff,

v.

M/V "WHY NOT," her engines, machinery,
tackle, apparel, boats, furniture, equipment,
rigging, freights, and all other appurtenances,
etc., *in rem*, and WHY NOT I, LLC, *in personam*,

      Defendants.

_____/

**REPORT AND RECOMMENDATIONS
ON PLAINTIFF'S MOTION TO TAX COSTS**

      In this maritime foreclosure action, the Court entered a final default judgment in favor of Plaintiff Centennial Bank ("Centennial" or "Plaintiff") and against Defendants M/V "Why Not" ("the Vessel")[1] and Why Not I, LLC ("the LLC" and collectively, "Defendants") in the amount of $147,372.01[.]" [ECF No. 30, p. 1 (emphasis omitted)]. Thereafter, the U.S. Marshal sold the Vessel to Plaintiff at a judicial sale. [ECF Nos. 41; 44].

---

[1]      The Vessel is a 2000 54-foot Sea Ray Sundancer motor yacht. [ECF No. 1, ¶ 4].

Centennial now seeks a costs judgment against the Vessel and the LLC. [ECF No. 38]. Defendants have not responded to Plaintiff's motion (or otherwise participated in this lawsuit) and the response deadline has now expired.

Centennial's costs motion seeks to recover a total of $159,435.99 pursuant to 28 U.S.C. § 1920 and maritime law. [ECF No. 38]. Specifically, it seeks to recover the cost of the filing fee ($402.00), the fee paid to the U.S. Marshal ($3,500), custodial expenses ($155,401.99), the publication of the seizure ($52.00), and the service of the summons on the LLC ($80.00). *Id.*; 38-1. In support of its fees motion, Centennial submitted a bill of costs, an affidavit of costs from its counsel, and invoices. [ECF Nos. 38-1; 38-2].[2]

United States District Judge Robert N. Scola, Jr. referred this matter to the Undersigned "for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules." [ECF No. 42]. The Undersigned now issues this Report and Recommendations on Plaintiff's motion to tax costs.

---

[2]     Plaintiff's costs motion also sought a credit bid at the judicial sale of the Vessel. However, because the Vessel was sold just two days after Plaintiff filed the instant motion, the Undersigned directed Plaintiff to "file a notice advising the Court how the [V]essel having already been sold affects the relief requested in its motion and include legal authority, if necessary." [ECF No. 45]. Plaintiff's response advised the Court that it was no longer seeking a request for a credit bid and was withdrawing this portion of the costs motion. [ECF No. 46, p. 3 ("[I]n response to the Court's question as to how the [V]essel already been sold affects the relief requested in its motion, [ ] Plaintiff states that the request to credit bid any taxable costs is no longer necessary and withdraw [sic] as moot." (quotation marks omitted))]. Therefore, this Report and Recommendations will address only the remaining (not mooted) portions of Plaintiff's costs motion.

Having reviewed the motion [ECF No. 38] and supporting exhibits, the Undersigned respectfully recommends that the motion be **granted in its entirety**. For the reasons stated below, the Undersigned **respectfully recommends** that the Court award Centennial **$159,435.99** in taxable costs.

## I.    Legal Standard

Costs should be awarded to the prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1). Section 1920 enumerates the specific costs that may be awarded to a prevailing party:

1) Fees of the clerk and marshal;

2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

3) Fees and disbursements for printing and witnesses;

4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

5) Docket fees under section 1923 of this title;

6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; *see also* S.D. Fla. L. Adm. R. E(14)(b) ("If costs are awarded to any party, then all reasonable expenses paid by the prevailing party incidental to, or arising from

the arrest or attachment of any vessel, property and/or cargo shall be taxed as costs in the case.").

The prevailing party must adhere to the requirements outlined in Local Rule 7.3(c), which directs the moving party to file a bill of costs pursuant to 28 U.S.C. § 1920 and to confer with the affected party (or parties) in a good faith effort to resolve the costs sought.

Rule 54(d)(1) creates a presumption that costs will be awarded to the prevailing party but allows the court to exercise its discretion when awarding said costs. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000). Additionally, the Court may award only costs that are authorized under the statute. *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). When challenging costs, the losing party bears the burden of demonstrating a cost is not taxable, unless the knowledge of the proposed cost is exclusively known by the prevailing party. *Alfaro v. Bank of Am., N.A.*, No. 19-22762-CIV, 2021 WL 5920830, at *2 (S.D. Fla. Aug. 3, 2021), *report and recommendation adopted*, No. 19-22762-CIV, 2021 WL 5919022 (S.D. Fla. Dec. 15, 2021).

## II.   Analysis

Centennial is the prevailing party in this action because the Court granted its motion for a final default judgment against Defendants in the amount of $147,372.01. [ECF No. 30]. Therefore, Plaintiff is entitled to an award of its reasonable costs.

Although Defendants did not respond to the costs motion, the Undersigned has nonetheless independently reviewed the costs sought to determine whether they are

recoverable and reasonable. *See Greer v. Ivey*, No. 6:15-CV-677-Orl-41GJK, 2020 WL 2841377, at *1 (M.D. Fla. Apr. 28, 2020), *report and recommendation adopted*, No. 6:15-CV-677-Orl-41GJK, 2020 WL 2838843 (M.D. Fla. June 1, 2020) ("Although the [c]ourt could treat the [movant's] motion as unopposed and award all of the costs sought I believe the better approach is to analyze each part of the application and rule accordingly."); *Hamilton v. Sheridan Healthcare., Inc.*, No. 13-62008-CIV, 2015 WL 13541032, at *2 (S.D. Fla. Jan. 21, 2015), *report and recommendation adopted sub nom. Hamilton v. Sheridan Healthcorp, Inc.*, No. 13-62008-CIV, 2015 WL 13540998 (S.D. Fla. Mar. 25, 2015) ("Although [the] [p]laintiff has not opposed an award of costs, the undersigned finds that some of the costs sought by [the] [d]efendants are either not taxable under § 1920, or they exceed the permissible statutory amount. The undersigned, therefore, will consider the [m]otion on its merits.").

### a.    Filing Fee

Centennial seeks to recover $402.00 for the filing fee paid to the Clerk of the Court. [ECF No. 38, p. 3];[3] *see also* [ECF No. 1 ("[f]iling fees $ 402.00 receipt number AFLSDC-15937983")]. Filing fees are taxable under section 1920(1). *Petersen v. Stella McCartney Am., Inc.*, No. 22-CV-22713-JEM, 2023 WL 4137266, at *4 (S.D. Fla. June 5, 2023), *report and*

---

[3]    Page 3 of Plaintiff's motion contains a typographical error. It states that Plaintiff's filing fee was $400.00 but other parts of the motion (and the docket) reflect the correct fee amount of $40**2**.00. Therefore, the Undersigned recommends that Plaintiff recover the full filing fee amount of $402.00.

*recommendation adopted*, No. 22-22713-CIV, 2023 WL 4131531 (S.D. Fla. June 22, 2023). Therefore, the Undersigned respectfully recommends that the Court award Plaintiff **$402.00** for the filing fee.

       **b.**      **Marshal's Fees**

Plaintiff states that "[t]he U.S. Marshal received a payment of $3,500.00 which they continue to apply to their costs for seizure, insurance and will apply the costs of the sale." [ECF No. 38, p. 3 n.1]. The costs motion (which was filed two days before the sale of the Vessel) states: "[a]t this point we do not know if there will be a credit or need for more costs." *Id.* The Undersigned directed Plaintiff to "file a notice advising the Court how the vessel having already been sold affects the relief requested in its motion and include legal authority, if necessary." [ECF No. 45]. Plaintiff's response states that its request for a credit bid is now moot, but it does not state that the U.S. Marshal has refunded any portion of the already-paid $3,500.00. [ECF No. 46].

Fees paid to the U.S. Marshal are taxable. *See SHM Regatta Pointe, LLC v. M/Y Alley Cat*, No. 8:21-CV-1854-KKM-AEP, 2022 WL 18774820, at *4 (M.D. Fla. Oct. 28, 2022), *report and recommendation adopted*, No. 8:21-CV-1854-KKM-AEP, 2022 WL 18774913 (M.D. Fla. Nov. 15, 2022) ("The filing fee of $402.00, and **the U.S. Marshal's fees of $4,668.28 to arrest and sell the Vessel**, and publication fees are all taxable pursuant to 28 U.S.C. § 1920(1) and 28 U.S.C. § 1921(a)(1)." (emphasis added)); *Millennial Cap. Mgmt., LLC v. M/Y Cloud Ten*, No. 3:16-CV-693-J-34MCR, 2017 WL 3841845, at *5 (M.D. Fla. Aug. 1, 2017),

*report and recommendation adopted sub nom. In Admiralty Millennial Cap. Mgmt., LLC v. M/Y Cloud Ten*, No. 3:16-CV-693-J-34MCR, 2017 WL 3840440 (M.D. Fla. Sept. 1, 2017) ("The filing fee of $400.00, the service of process fee of $80.80, and **the U.S. Marshal's fee of $2,500.00 to arrest the [v]essel are all taxable pursuant to 28 U.S.C. § 1920(1)**." (emphasis added)). The Undersigned respectfully recommends that the Court award Plaintiff **$3,500.00** for fees paid to the U.S. Marshal.

      **c.    Substitute Custodian Fees**

Plaintiff also seeks to recover $155,401.99 for fees incurred for custody and storage of the Vessel. It states that "[t]he U.S. Marshal's Substitute Substitute [sic] Custodian has had to hold the Vessel for the Court during the duration of the case in accordance with the Appointment and Order of the Court." [ECF 38, p. 3 (citing [ECF No. 14])].

The Eleventh Circuit has recognized that *custodia legis* fees are recoverable as "expenses of justice." *See Dresdner Bank AG v. M/V Olympia Voyager*, 465 F.3d 1267, 1272 (11th Cir. 2006) (quoting *Donald D. Forsht Assocs., Inc. v. Transamerica ICS, Inc.*, 821 F.2d 1556, 1561 (11th Cir. 1987)); *see also P&L Towing & Transp. v. M/V Gar-Den S*, No. 1:21-CV-23062, 2022 WL 1812386, at *4 (S.D. Fla. May 13, 2022), *report and recommendation adopted sub nom. P & L Towing & Transportation, Inc. v. M/V Gardens*, No. 21-23062-CIV, 2022 WL 1801235 (S.D. Fla. June 2, 2022) (observing that "[C]ourts throughout this District regularly permit recovery of necessaries provided to a ship after its arrest"); *SHM Regatta*

*Pointe, LLC*, 2022 WL 18774820, at *4 (finding that "[the] [p]laintiff [was] entitled to the requested amount of $35,708.71 for the *custodia legis* expenses").

> In an affidavit, Plaintiff's counsel attests that:
>
> The [ ] Vessel has remained stored at the Substitute Custodian's facility and the substitute custodian, Club Nautico Harbor West[] has charged the Vessel the custodian and storage rates ( where the Vessel was stored at their facility at rate set forth in their affidavits beginning when the Vessel was seized on December 9th, 2022 and continues to be stored at the Plaintiff's/Substitute Custodian's facility. The substitute custodian fees as of this date total $155,401.99. (Substitute Custodian Invoices Attached).

[ECF No. 38-2, ¶ 3].

Moreover, after the filing of the instant motion but before the sale of the vessel, Judge Scola entered an Order stating that: **"<u>Club Nautico must be paid its custodial fees, in the amount of $155,401.99, before the release of the M/V "Why Not."</u>** [ECF No. 39, p. 1 (emphasis in original)]. Because Centennial was the successful bidder at the judicial sale of the Vessel [ECF Nos. 41; 44], there is no doubt that Centennial has paid or is obligated to pay $155,401.99 in custodial fees. Therefore, the Undersigned respectfully recommends that the Court award Plaintiff **$155,401.99** in custodial fees.

### d.   Publication of Seizure Fee

Plaintiff seeks to recover $52.00 for publication of the seizure of the Vessel in the Daily Business Review. [ECF No. 38-2, ¶ 6]. Plaintiff is entitled to recover this amount. *See Millennial Cap. Mgmt., LLC*, 2017 WL 3841845, at *6 ("The fee of $80.00 to the Financial News and Daily Record Jacksonville for publication of the [n]otice of [a]ction and [a]rrest

of the [v]essel is also taxable.");*Wachovia Bank, Nat. Ass'n v. M/Y Maybe Tomorrow*, No. 09-60547-CIV, 2011 WL 1196919, at *4 (S.D. Fla. Jan. 4, 2011), *report and recommendation adopted sub nom. Wachovia Bank, N.A. v. M/V Maybe Tomorrow*, No. 09-60547-CIV, 2011 WL 1157339 (S.D. Fla. Mar. 29, 2011) ("find[ing] that the requested $169.31 for costs relating to the notice of action *in rem* posted in the Daily Business Review [was] reasonable, [was] related to the cost of the [M]arshal, and may be recovered by the plaintiff"). The Undersigned respectfully recommends that the Court award Plaintiff the requested **$52.00** publication fee.

  **e.**  **Service Fee**

  Plaintiff seeks to recover $80.00 for service on the LLC. [ECF No. 38-1, p. 4]. Service of process fees paid to private servers are taxable so long as they do not exceed the service fees charged by the U.S. Marshal. *E.E.O.C.*, 213 F.3d at 623; *see also Ewing v. Carnival Corp.*, No. 19-20264-CIV, 2023 WL 2524530, at *2 (S.D. Fla. Mar. 15, 2023) ("Courts in this District have confirmed that service of process fees paid to private process servers are taxable under 28 U.S.C. § 1920(1), provided that the process server's rates do not exceed the fees of the U.S. Marshals to effectuate service."). Currently, the U.S. Marshal's rate is $65.00 per hour, plus travel costs and out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). Here, Centennial seeks to recover $80.00.

  The Undersigned notes that the return of service for the LLC reflects that the process server made five earlier attempts to serve the LLC before serving the registered

agent on September 13, 2022. [ECF No. 18-1]. The requested $80.00 amount is reasonable under the circumstances. *See Hughes ex rel. J.B. v. Judd*, No. 8:12-CV-568-T-23MAP, 2015 WL 5135538, at *2 (M.D. Fla. July 17, 2015), *report and recommendation adopted as modified sub nom. Hughes v. Judd*, No. 8:12-CV-568-T-23MAP, 2015 WL 5155032 (M.D. Fla. Sept. 1, 2015) (finding that "[t]he $90 rate for two separate service attempts [was] within th[e] hourly rate" permitted by 28 C.F.R. § 0.114(a)(3)). The Undersigned respectfully recommends that the Court award Centennial the requested **$80.00** for the service fee.

### III.    Conclusion

For the reasons stated above, the Undersigned respectfully recommends that the District Court **grant** (in its entirety) Plaintiff's costs motion and award it **$159,435.99** in costs.

### IV.    Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error, if necessary, in the interest

of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

      **RESPECTFULLY RECOMMENDED** in Chambers, Miami, Florida, on September 25, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record